UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL NESTA,                        )
                                     )        2:  14-cv-00459-PK
            Petitioner,              )
                                     )
      v.                             )
                                     )    FINDINGS AND RECOMMENDATION
MARK NOOTH, Superintendent,          )
Snake River Correctional )
Institution,                         )
                                     )
            Respondent.              )


      Thomas J. Hester
      Assistant Federal Public Defender
      101 SW Main Street, Suite 1700
      Portland, Oregon  97204

            Attorney for Petitioner

      Ellen F. Rosenblum
      Attorney General
      Kristen E. Boyd
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97301

            Attorneys for Respondent
PAPAK, Magistrate Judge.


      1 - FINDINGS AND RECOMMENDATION

Petitioner Daniel Nesta brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for attempted aggravated murder, robbery, assault and felon in possession of a firearm.  For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On April 24, 2008, the Multnomah County Grand Jury returned an indictment charging Nesta with one count of Attempted Aggravated Murder with a Firearm, one count of Robbery in the First Degree with a Firearm, one count of Assault in the First Degree with a Firearm and one count of Felon in Possession of a  Firearm. Respondent's Exhibit 104.  A jury found him guilty on all counts and the sentencing court imposed a sentence totaling 360 months, with a 180-month minimum. Respondent's Exhibit 101.

Nesta directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review.  *State v. Nesta,* 237 Or. App. 275, 240 P.3d 1141 (2010), *rev. denied* 349 Or. 245, 245 P.3d 129 (2010); Respondent's Exhibits 105-110.

Nesta next filed for post-conviction relief ("PCR") in state court.  The PCR trial court denied relief on his PCR Petition. *Nesta v. Nooth*, Malheur County Circuit Court Case No. 11038694P. On appeal, the Oregon Court of Appeals affirmed without a written

2 - FINDINGS AND RECOMMENDATION

opinion, and the Oregon Supreme Court denied review.  *Nesta v.*
*Nooth*, 258 Or. App. 907, 313 P.3d 1148 (2013), *rev. denied* 354 Or.
656, 318 P.3d 1144 (2013); Respondent's Exhibits 127-132.

On March 20, 2014, Nesta filed this action.  His claims for
relief as set forth in his Petition [2] can be summarized as
follows[1]:

Ground One.      Trial court erred in instructing the jury that it
                 could convict by anything less than a unanimous
                 verdict.

Ground Two.      Trial court erred in allowing a 12-0 verdict on all
                 charges, Attempted Aggravated Murder w/Firearm,
                 Robbery in the First Degree w/Firearm, Assault in
                 the First Degree w/Firearm, Felon in Possession of
                 a Firearm w/Firearm.

Ground Three.    Petitioner was denied his guaranteed right to
                 effective assistance of counsel by the Sixth
                 Amendment of the United States Constitution as made
                 applicable to the States through the Fourteenth
                 Amendment of the United States Constitution and
                 adequate assistance of counsel under ART. 1 § 11 of
                 the Oregon State Constitution when defense counsel
                 failed to object to introduction of prior
                 conviction of Assault in the Third Degree.

Ground Four.     Petitioner was denied his guaranteed right to
                 effective assistance of counsel by the Sixth
                 Amendment of the United States Constitution as made
                 applicable to the States through the Fourteenth
                 Amendment of the United States Constitution and
                 adequate assistance of counsel under ART. 1 § 11 of
                 the Oregon State Constitution when defense counsel
                 failed to object to the imposition of separate
                 convictions and sentencing[] of "Attempted
                 Aggravated Murder with a Firearm" and "Assault in
                 the First Degree with a Firearm."

---

[1] Nesta sets forth lengthy statements of fact supporting each
of his claims in the Petition.

Ground Five.    Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution when defense counsel failed to object to the imposition of restitution for the amount of $24,835.06 as part of the sentence on (count 1) of the indictment, "Attempted Aggravated Murder with a Firearm."

Ground Six.     Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution, when appellate counsel failed to raise the issue on direct appeal that, the trial court erred when it denied the motion for acquittal for "Attempted Aggravated Murder" due to insufficient evidence [on the record to prove that the petitioner intended to kill the victim].

Ground Seven.   Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution, when appellate counsel failed to raise the issue on direct appeal that the trial court erred when it denied the motion for acquittal on (count 3) of the indictment, "Assault in the First Degree" due to insufficient evidence to prove the element of "serious physical injury."

Ground Eight.   Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution, when appellate counsel failed to raise the issue of the trial

court entering two separate convictions and sentences for "Attempted Aggravated Murder with a Firearm" (Count 1) and "Assault in the First Degree with a Firearm" (Count 3) on direct appeal.

Ground Nine.    Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution, when appellate counsel failed to raise and argue the issue that that the trial court erred when [it] imposed restitution for the amount of $24,965.03 as part of the sentence on "Attempted Aggravated Murder with a Firearm," on direct appeal.

Ground Ten.    Petitioner was denied his guaranteed right to effective assistance of counsel by the Sixth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment of the United States Constitution and adequate assistance of counsel under ART. 1 § 11 of the Oregon State Constitution when during the closing arguments of the enhancement trial/sentencing phase, the trial attorney stated that the petitioner was "dangerous."

Ground Eleven    Trial court violated petitioner's 5th amendment right of the U.S. constitution to be free from "being twice put in jeopardy for the same offense" and 8th amendment right of the U.S. constitution to be free from "cruel and unusual punishment" as made applicable to the states through the 14th Amendment of the U.S. Constitution and his ART. 1 § 12 "No person shall be put in jeopardy twice for the same offense" right and his ART. 1 § 16 "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense" right of the Oregon State Constitution when trial court imposed both an upward departure from the presumptive sentence as well as a "Dangerous Offender" departure sentence on (Count 1) of the indictment "Attempted Aggravated Murder with a Firearm."

Ground Twelve Trial court violated petitioner's 5th amendment right of the U.S. constitution to be free from "being twice put in jeopardy for the same offense" and 8th amendment right of the U.S. constitution to be free from "cruel and unusual punishment" as made applicable to the states through the 14th Amendment of the U.S. Constitution and his ART. 1 § 12 "No person shall be put in jeopardy twice for the same offense" right and his ART. 1 § 16 "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense" right of the Oregon State Constitution when trial court imposed both an upward departure from the presumptive sentence as well as a "Dangerous Offender" departure sentence on (Count 3) of the indictment "Assault in the first degree with a Firearm."

Respondent asks the Court to deny relief on the Petition because: (1) Nesta failed to fairly present Grounds One, Two, Four through Nine, Eleven and Twelve to the state courts such that they are procedurally defaulted and Nesta does not argue that their default should be excused; (2) Grounds One (to the extent it was fairly presented to the state courts), Three and Ten were denied in a state court decision entitled to deference; and (3) all claims are without merit.

**DISCUSSION**

I. **Unargued Claims**

With the exception of his Ground Three claim, Nesta does not provide argument to support the merits of his remaining claims.

On federal habeas review, Nesta must show that the state court determination denying his claims was contrary to or involved an unreasonable application of federal law as established by Supreme

6 - FINDINGS AND RECOMMENDATION

Court precedent. 28 U.S.C. § 2254(d). Nevertheless, the Court has reviewed Nesta's unargued claims on the existing record and determined that they do not entitle him to relief because Nesta did not fairly present certain of these unargued claims to the Oregon courts and/or the state court decision denying relief on his presented claims is entitled to deference. Accordingly, by not advancing these claims in his supporting memorandum, Nesta has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

II. **Merits**

    A. **Standards**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Nesta bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

7 - FINDINGS AND RECOMMENDATION

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") deferential standard of review, the key question in analyzing an ineffective assistance of counsel claim brought by a state prisoner is whether the state court's application of *Strickland* was unreasonable. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). "This is different from asking whether defense counsel's performance fell below *Strickland*'s standard ... A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1410-11 (2011)(citation omitted). The federal habeas court must show deference both to the state court which previously reviewed the claim, and also to trial counsel him or herself.

B.   **Analysis**

**Nesta was denied the effective assistance of counsel when his attorney failed to preserve a due process objection to the admission of the prior bad act evidence or to seek a stipulation precluding or limiting such evidence (Ground Three)**

As a preliminary matter, while respondent does not raise this point in his briefs, the Court notes that nowhere in Nesta's

9 – FINDINGS AND RECOMMENDATION

Petition does he raise a discreet claim faulting counsel with failing to seek a stipulation precluding or limiting evidence pertaining to his prior assault conviction. *See* Petition [2], p. 8. Accordingly, this distinct ineffective assistance of counsel claim is not properly before the Court.[2] *See also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)(traverse is not the proper pleading to raise additional grounds for relief). Moreover, the Court's review of the record reveals that while Nesta made the argument that his trial counsel should have sought a stipulation or asked the trial court to take judicial notice of Nesta's status as a felon during his PCR trial and on appeal, he did not include an ineffective assistance of counsel claim faulting counsel in this regard in his Formal Petition for Post-Conviction Relief. *See* Respondent's Exhibit 112. As a result, in his PCR affidavit, Nesta's trial counsel only responded to Nesta's allegation that he was ineffective for failing to object to introduction of Nesta's

---

[2]    Rule 2(c) of the Rules Governing Section 2254 Cases requires each habeas petition to "specify all the grounds for relief which are available to the petitioner" and to "state the facts supporting each ground." The Advisory Committee Notes to Rule 2(c) recognize the problem with not specifically identifying a ground for relief and its supporting facts in the Petition: "In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. Since it is the relationship to the facts to the claim asserted that is important, these petitions were obviously deficient." 28 U.S.C., pp. 352-53. The Committee Notes pertaining to Rule 4 make clear that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"    Advisory Committee's Note on Rule 4, 28 U.S.C. p. 355 (citing *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

10 - FINDINGS AND RECOMMENDATION

prior assault conviction which the prosecution sought to introduce
to prove an element of the crime of Felon in Possession of a
Firearm. Respondent's Exhibit 120, p. 1. Accordingly, it appears
that the Oregon courts denied this "stipulation" claim on
procedural grounds. Therefore, in addition to it not being
properly before the Court because Nesta failed to raise it in his
Petition, the claim is subject to dismissal here on the basis that
it is procedurally defaulted. Nevertheless, even assuming the
Ground Three claim as argued by Nesta in his briefs was properly
before the Court, for the reasons that follow, the Court recommends
denying it on the merits.

According to Nesta, due to the poor quality of the video and
the fact that the gunman shot with his left hand, the defense in
his case centered on identification. Accordingly, he maintains his
counsel's failure to prevent the jury from hearing that he had a
prior felony assault conviction and that he served two years in
jail for that crime, when counsel could have successfully limited
introduction of this evidence to establishing his status as a
felon, constituted deficient performance. Nesta maintains that
introduction of evidence of his prior assault conviction invited
the jury to convict him in this case based on his prior bad acts
and on forbidden propensity evidence. Moreover, on the issue of
identity he suggests that given: (1) the quality of the video was
poor and inadequate for a conclusive identification; (2) the gunman
shot with his left hand; and (3) evidence was introduced at trial

11 - FINDINGS AND RECOMMENDATION

indicating that Nesta is right handed, counsel's failure to keep out evidence of his prior felony assault, prejudiced Nesta. Nesta also states that counsel failed to object when the prosecutor suggested in her closing argument that Nesta had been armed with a gun during the earlier assault. Brief in Support [32], p. 1.[3]

In response, respondent maintains that Nesta's claim that counsel was ineffective for failing to object to admission of the evidence is without merit because the evidence was admissible to establish a necessary element of felon in possession of a firearm. Moreover, respondent argues that Nesta's counsel objected to the manner in which the evidence was introduced and secured a limiting instruction to describe the manner in which the jury could use the evidence of his prior conviction. Response to Petition [16], p. 17 (citing *Penry v. Johnson*, 532 U.S. 782, 799 (2001)(holding juries are presumed to follow cautionary instructions.)).

In denying Nesta's claim, the PCR trial court made the following pertinent findings and conclusions on the record:

---

[3]   Nesta's argument notwithstanding, the Court has reviewed the relevant portion of the prosecution's closing arguments and concludes that when the prosecutor noted that Nesta "owned, had in his possession, had under his custody and control any firearm," she was referring to the elements of the Felon in Possession of a Firearm charge **in this case**, not the prior assault. Transcript of Proceedings, Volume 3, p. 235. Moreover, any prejudice flowing from the prosecutor's comments would relate to a discreet claim of ineffective of counsel for failing to object to the offending portion of the closing argument. Nesta has not raised such a claim in any proceeding.

As I indicated, I have read this file, everything other
than the entire transcript. I am denying post-
conviction relief and the order will go out today. As to
the trial attorney, the DA had to prove the prior in
order to prove Count 4. The DA refused to stipulate, the
jury was given the correct instruction about what to do
or how to handle the prior. That was exactly -- that was
the only choice the attorney had.

* * *

There is insufficient proof of any inadequacy on any
issue on any of the attorneys, since there were actually
two defense attorneys. And I find no prejudice.

Respondent's Exhibit 125, pp. 11-12.

Nesta argues the PCR court's findings are not entitled to

deference because there is no evidence in the record supporting

that court's factual finding that the prosecutor refused to

stipulate or its attendant conclusion that allowing the evidence in

with a curative instruction was counsel's only choice. Nesta's

argument is well taken. The Court has carefully reviewed the

record and found no evidence supporting the PCR court's factual

finding that the prosecutor refused to stipulate to the fact that

Nesta was a convicted felon. Nor does respondent reference any

place in the record supporting this finding. Accordingly, the

Court concludes Nesta has met his burden of rebutting the

presumption of correctness by clear and convincing evidence as to

this factual finding and the Court affords it no weight in its

consideration of the underlying claim. Similarly, the Court will

not defer to the PCR court's related conclusion that due to the

prosecutor's refusal to stipulate, counsel's only choice was to seek a cautionary instruction.

Nevertheless, the Court's review of the transcript reveals that the trial court gave the jury the following curative instruction:

> If you find that the defendant has been previously convicted of a crime, you may consider this conviction only for its bearing, if any, on the status of the defendant as a felon for purposes of considering the crime of being a Felon in Possession of a Firearm. Specifically, you may not use this evidence for the purpose of drawing the inference that because the defendant was convicted of a previous crime the defendant may be guilty of the crime charged in this case, except to reflect on his status as prohibited to possess a firearm.

Transcript of Proceedings, Volume 1, p. 273.

As respondent correctly notes, juries are assumed to following the court's instructions. Therefore, on *de novo* review of this claim, and even assuming counsel rendered ineffective assistance of counsel when he failed to object to admission of evidence of his prior assault or to seek a stipulation limiting this evidence, given the trial court specifically advised jurors as to how they were permitted to use the evidence, Nesta cannot show he was prejudiced by any such failure on counsel's part.

In addition, to the extent Nesta links his prejudice argument to identification, the Court finds that despite the less than optimal video and questions raised by the fact that the gunman fired with his left hand, Nesta cannot show he was prejudiced by the introduction of his prior assault conviction. In addition to

14 - FINDINGS AND RECOMMENDATION

witnesses testifying that the gunman in the video resembled Nesta, eyewitnesses to the incident identified him as the shooter.  First, the victim-bartender positively identified Nesta in a photo-throw-down and in open court as the person who robbed the club and shot him six times.   Second, the club bouncer positively identified Nesta in a photo-throw-down and in open court as the person who robbed the club and shot the bartender.  Finally, a dancer from the club positively identified Nesta in open court as the person she saw rob the club and shoot the bartender.   Transcript of Proceedings, Volume 1, pp. 46-47, 53-54 & 102.

In sum, there was substantial and convincing evidence introduced at trial identifying Nesta as the shooter.  Moreover, as noted above, the trial court issued a cautionary instruction specifically advising the jury how it was permitted to use evidence of Nesta's prior assault conviction.  Accordingly, even assuming counsel rendered ineffective assistance when he failed to object to admission of the evidence or otherwise stipulate to limit this evidence, Nesta cannot show on this record that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

Therefore, the Court should conclude on *de novo* review that Nesta has failed to demonstrate that he was prejudiced by counsel's failure to object to admission of the evidence of his prior assault conviction or otherwise stipulate to limit this evidence and it should deny this claim.

15 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Nesta has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

**SCHEDULING ORDER**

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district

16 - FINDINGS AND RECOMMENDATION

judge.   These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 6th day of June, 2016.

Paul Papak
United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION